IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

YUKIE L.N. SOTO-ELLIOTT, and SASUKE
C. SOTO-ELLIOTT,

           Plaintiffs,

    vs.

OMAHA POLICE DEPARTMENT, METRO
TRANSIT OMAHA, JULIO A. LEAH,
KRYSTAL G. LEAH, and OFFUTT AIR
FORCE BASE,

           Defendants.

**8:22CV325**

**MEMORANDUM AND ORDER**

Plaintiffs Yukie L. N. Soto-Elliott and Sasuke C. Soto-Elliott filed a joint Motion for Leave to Proceed In Forma Paupers ("IFP"). Filing No. 2. Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). Moreover, if one Plaintiff cannot proceed IFP, then none of the Plaintiffs in a jointly prosecuted litigation may proceed IFP. *Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB), 2019 WL 885641, at *1 (D. Minn. Feb. 5, 2019), *report and recommendation adopted sub nom. Elk v. Roy*, No. CV 18-3255 (DWF/LIB), 2019 WL 858671 (D. Minn. Feb. 22, 2019) (citing *Anderson*, supra)).

Here, the Court cannot clearly ascertain whether the statements regarding available assets and outstanding obligations in Plaintiffs' IFP motion apply to both individuals or only one of them.  Thus, the Court cannot determine whether each Plaintiff qualifies for IFP status.  Accordingly, the Court will require each Plaintiff to submit a separate motion for leave to proceed IFP.  Alternatively, Plaintiffs have the choice of submitting the $402.00 filing and administrative fees to the Clerk's office.  Failure to take either action within 30 days will result in the Court dismissing this case without further notice.

IT IS THEREFORE ORDERED that:

1.    Plaintiffs' joint Motion for Leave to Proceed IFP, Filing No. 2, is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915 filed by each individual Plaintiff.

2.    Plaintiffs are directed to submit the $402.00 fees to the Clerk's office or submit individual requests to proceed in forma pauperis within 30 days.  Failure to take either action will result in dismissal of this matter without further notice.

3.    The Clerk of the Court is directed to send one Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to Plaintiff Yukie L. N. Soto-Elliott and one Form AO240 to Plaintiff Sasuke C. Soto-Elliott.

4.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **October 20, 2022**: check for separate IFP motions or payment.

2

Dated this 20th day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge