IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUKIE L.N. SOTO-ELLIOTT, and SASUKE C. SOTO-ELLIOTT,<br><br>Plaintiffs,<br><br>vs.<br><br>OMAHA POLICE DEPARTMENT, METRO TRANSIT OMAHA, JULIO A. LEAH, KRYSTAL G. LEAH, and OFFUTT AIR FORCE BASE,<br><br>Defendants. | 8:22CV325<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs filed a Complaint, Filing No. 1, on September 14, 2022, and have been given leave to proceed in forma pauperis, Filing No. 8; Filing No. 9. The Court now conducts an initial review of Plaintiffs' claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For purposes of this initial review, the Court will consider the various exhibits filed by Plaintiffs on October 26, 2022, Filing No. 10, as supplemental to the Complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiffs Yukie L.N. Soto-Elliott and Sasuke C. Soto-Elliott (collectively "Plaintiffs") sue Sergeant Julio A. Leal ("Sergeant Leal"), Krystal G. Leal ("Krystal"), the Omaha Police Department ("OPD"), Metro Transit Omaha, and Offutt Air Force Base (collectively "Defendants") for damages arising out of a car accident on September 11, 2022, in Omaha, Nebraska.

Plaintiffs identify the basis for the Court's jurisdiction as the following: "government favoritism government corruption over seeing the Laws of Break [sic] checking Road

Rage Intentional use to cause a car wreck Failure to use hazards to stop." Filing No. 1 at 3 (spelling corrected). As their statement of claim, Plaintiffs allege:

> Metro Area Transit Omaha failure to yield[.] Police Department favorited and disremarked [sic] the Laws and Dash camera we had to prove Intentional car wreck[.] Sergeant Julio Leal & Offutt Airforce Base one [of] the defendants purposely caused the car accident. He was in uniform on duty. Article 92, 15, 16, 134, 128, 19, 33, 107, 113[.]

*Id.* at 4 (spelling corrected).

Aided by the exhibits Plaintiffs submitted, the Court understands Plaintiffs' Complaint to allege that Sergeant Leal negligently, recklessly, or intentionally caused the car accident on September 11, 2022, and that a Metro Transit Omaha bus involved in the accident was also, at least, partially at fault by failing to yield and use its hazard lights to signal a stop. *See* Filing No. 10 at 4–6. OPD failed to issue a citation to Sergeant Leal for causing the accident and also disregarded Plaintiffs' personal dash camera footage of the accident to show Leal's fault. As relief, Plaintiffs want "[t]he party of Julio A. Leal and his wife [Krystal] pay for all damages. The police ticket Mr. Leal. Mr. Leal military unit give him an article 15 and discharge him for PTSD. City fix the road and light." Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

**A. Jurisdiction**

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she

presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citation and footnote omitted).

Liberally construing Plaintiffs' Complaint, they appear to assert a claim for relief against Sergeant Leal and Offutt Air Force Base under the Federal Tort Claims Act ("FTCA"). In addition, Plaintiffs assert negligence claims under Nebraska law.

Because Plaintiffs do not allege that their citizenship or the citizenship of any of the Defendants lies outside of Nebraska, this Court's ability to entertain the state-law claims cannot be predicated on § 1332, but instead must depend upon 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." When a district court has disposed of all federal claims that conferred original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (quotation omitted).

With these jurisdictional principles in mind, the Court next examines the claims raised by Plaintiffs' Complaint.

**B. Federal Claims**

*1. FTCA Claim Against Sergeant Leal and Offutt Air Force Base*

Liberally construed, Plaintiffs sue Sergeant Leal and Offutt Air Force Base for money damages under the FTCA, which confers exclusive jurisdiction upon United States

4

district courts over civil actions for money damages alleged to have been caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. See 28 U.S.C. §§ 1346(b) & 2674.

Plaintiffs allege that Sergeant Leal negligently, recklessly, or intentionally caused the car accident with Plaintiffs while he was in uniform and acting in the line of duty for Offutt Air Force Base.[1] See *Pyle v. United States*, 827 F.2d 360, 362–63 (8th Cir. 1987) ("The determination of whether an employee was acting within the scope of his employment [for purposes of the FTCA] depends on the facts and circumstances of each case," and "the unique control which the Government maintains over a soldier has little if any bearing upon determining whether his activity is within the scope of his employment." (quotation omitted)). However, the United States is the only proper defendant in an action asserting a FTCA claim. See 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA] . . . ."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994); *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002).

---

[1] To the extent Plaintiffs may be claiming that Offutt Air Force Base was negligent for failing to conduct a court martial of Sergeant Leal based on his role in the accident, the FTCA is not applicable to such a claim since "[a] private individual can not be liable for failure to conduct a court-martial." *Landes v. Yost*, No. CIV.A. 88-4788, 1988 WL 102662, at *2 & n.2 (E.D. Pa. Sept. 30, 1988), aff'd, 869 F.2d 590 (3d Cir. 1989). Moreover, "as with all the decisions [the United States Air Force] made or did not make in this case, decisions of when to arrest a suspect, how long to investigate him, and when to ultimately prosecute him are discretionary functions, and as such any action in that regard is barred by [28 U.S.C.] § 2680(a)." *Strong v. Dyar*, 573 F. Supp. 2d 880, 887 (D. Md. 2008).

Additionally, the FTCA is a limited waiver of the United States' sovereign immunity that "permit[s] persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. U.S.*, 654 F.3d 794, 797 (8th Cir. 2011). Section 2675(a) of the FTCA provides that:

> "[a]n [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."

*Mader v. U.S.*, 654 F.3d at 797 (quoting 28 U.S.C. § 2675(a) and *McNeil v. United States*, 508 U.S. 106, 112 (1993)) (footnote omitted).

Here, Plaintiffs have not alleged any facts regarding whether they have exhausted the administrative requirements of the FTCA prior to filing this action. Given that Plaintiffs filed this action only three days after the accident in question occurred, the Court seriously doubts that Plaintiffs presented their claim to the appropriate federal agency and such claim was finally denied by the agency prior to Plaintiffs filing this case. On the Court's own motion, and out of an abundance of caution, Plaintiffs will be given leave to file an amended complaint to properly name the United States as a defendant and to allege compliance with the FTCA's administrative requirements.

*2. Claims against OPD*

Plaintiffs have sued OPD for allegedly mishandling the investigation of the car accident and for failing to cite Sergeant Leal. However, OPD is not a proper defendant, and must be dismissed from the action. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No.

6

8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); Meyer v. Lincoln Police Dep't, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

Moreover, to the extent Plaintiffs sue OPD for failing to criminally cite Sergeant Leal for his role in the accident, Plaintiffs cannot force a criminal prosecution of Sergeant Leal. The authority to initiate criminal charges lies only with state and federal prosecutors. See Nieves v. Bartlett, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"); Cragoe v. Maxwell, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n, No. CIV. 12-4004-KES, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted). "Thus, [Plaintiffs'] request to initiate criminal

charges does not state a federal claim." *LeFever v. Dawson Cnty. Sheriff's Dep't*, No. 4:20CV3066, 2020 WL 4436391, at *4 (D. Neb. Aug. 3, 2020).

**C. State Claims**

As discussed previously, the Court does not have original jurisdiction to hear any of Plaintiffs' state-law tort claims, nor is it likely to exercise supplemental jurisdiction if Plaintiffs' federal claims are dismissed. With that caveat, the Court will briefly discuss Plaintiffs' possible state claims against the remaining Defendants.

*1. Krystal Leal*

Plaintiffs seek recovery from Krystal for damages stemming from the accident based on her status as Sergeant Leal's spouse and not on any alleged personal involvement in the accident. See Filing No. 10 at 4–5 (identifying Sergeant Leal as driver of vehicle involved in accident). To the extent Plaintiffs' claim against Sergeant Leal falls under the FTCA, such claim cannot be brought against Krystal. To the extent Plaintiffs assert a state-law tort claim against Sergeant Leal and Krystal, the Court does not have original jurisdiction over such claim.

*2. Metro Transit Omaha*

Plaintiffs sue Metro Transit Omaha for damages arising out of the Metro Transit Omaha bus' role in the car accident. The Nebraska Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 to 13-928, "is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees." *Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *17 (D. Neb. Sept. 16, 2019) (quoting *Geddes v. York County*, 729 N.W.2d 661, 665 (Neb. 2007)); see Neb. Rev. Stat. § 13-902 ("[N]o suit shall be maintained against such political subdivision or its officers, agents,

8

or employees on any tort claim except to the extent, and only to the extent, provided by the [PSTCA]."). Metro Transit Omaha is a political subdivision of the State of Nebraska. *See* Neb. Rev. Stat. § 18-804.[2]

Even assuming that Plaintiffs can state an actionable claim for negligence against Metro Transit Omaha, the action could be subject to dismissal for noncompliance with the pre-suit notice requirements of the PSTCA. Under Nebraska law, the filing or presentment of a claim to the appropriate political subdivision, while it is not a jurisdictional prerequisite, is a condition precedent to commencement of a suit under the PSTCA. *Keller v. Tavarone*, 628 N.W.2d 222, 230 (Neb. 2001); Neb. Rev. Stat. § 13-920 ("No suit shall be commenced against any employee of a political subdivision for money on account of damage to or loss of property or personal injury to or the death of any person caused by any negligent or wrongful act or omission of the employee while acting in the scope of his or her office or employment . . . , unless a claim has been submitted in writing to the governing body of the political subdivision within one year after such claim accrued in accordance with section 13-905."). Plaintiffs are not required to plead that they have complied with this statutory requirement, but noncompliance can be raised as an affirmative defense. *See Anderson v. Nebraska*, No. 4:17-CV-3073, 2018 WL 4599832, at *5 (D. Neb. Sept. 25, 2018). As with Plaintiffs' FTCA claim, it is doubtful that Plaintiffs presented their claim and received final disposition of the claim prior to the filing of this suit a mere three days after the accident in question. *See* Neb. Rev. Stat. § 13-906 ("No suit shall be permitted under the Political Subdivisions Tort Claims Act . . . unless the

---

[2] Metro Transit Omaha recently became a Regional Metropolitan Transit Authority as provided for in the Regional Metropolitan Transit Authority Act, Neb. Rev. Stat. §§ 18-801 to 18-825. *See* https://www.ometro.com/metro-news/metro-looks-to-the-future-with-move-to-a-regional-metropolitan-transit-authority/ (last visited June 20, 2023).

governing body of the political subdivision has made final disposition of the claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under such act . . . .").

## IV. CONCLUSION

In its present form, the Complaint fails to state a federal claim under the FTCA against a proper defendant, nor does it allege any other plausible claim under federal law. However, on the Court's own motion, Plaintiffs will be given 30 days to file an amended complaint that states a plausible claim under the FTCA in accordance with this Memorandum and Order. Pending amendment of the Complaint to allege a plausible FTCA claim, the Court makes no finding of jurisdiction over any state-law claims alleged in the Complaint.

If Plaintiffs choose to amend their Complaint, they must comply with federal pleading rules. It is true that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers; however, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Accordingly, if Plaintiffs decide to file an amended complaint, Plaintiffs must include all of the claims they wish to pursue against all of the defendants they wish to proceed against *in one document*. The amended complaint must identify each defendant by name and set forth all of Plaintiffs' claims (and any supporting factual allegations) against that defendant. Plaintiffs should be mindful to explain what each defendant did to them, when the defendant did it, how the defendant's actions harmed them, and what specific legal right Plaintiffs believe the defendant violated.

If Plaintiffs fail to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without further notice to Plaintiffs. The Court reserves the right to conduct further review of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e) after they address the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiffs shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiffs. In their amended complaint, Plaintiffs must identify each defendant by name and set forth all of Plaintiffs' claims (and any supporting factual allegations) against that defendant. Plaintiffs should be mindful to explain in their amended complaint what each defendant did to them, when the defendant did it, and how the defendant's actions harmed them.

2. In the event that Plaintiffs file an amended complaint, Plaintiffs shall restate any relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

Plaintiffs are warned that an amended complaint will supersede, not supplement, their prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e) in the event they file an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **July 24, 2023**: amended complaint due.

Dated this 22nd day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge